# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

ANGELA T. BARBER,

    Plaintiff,

v.                                                                      Civil No.: BPG-18-3790

UNITED STATES OF AMERICA, et al.,

    Defendants.

## MEMORANDUM OPINION

Currently pending are the United States'[1] Motion to Dismiss ("Motion") (ECF No. 15), plaintiff's Opposition to Defendant's Motion to Dismiss ("Opposition") (ECF No. 17), and the United States' Reply in Support of Motion to Dismiss ("Reply") (ECF No. 18). The United States asks this court to dismiss plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction or, in the alternative, Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. The issues are fully briefed, and no hearing is necessary. Loc. R. 105.6. For the reasons stated below, the United States' Motion (ECF No. 15) is granted and plaintiff's complaint is dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

## I. BACKGROUND

Plaintiff timely filed an income tax return, Form 1040, for the tax year of 2014, which was considered received on April 15, 2015. (ECF No. 17 at 1). On October 19, 2015, plaintiff received a notice from the Internal Revenue Service ("IRS") stating that her 2014 tax return was being

---

[1] The United States of America moved to dismiss the complaint as the real party in interest on behalf of the Internal Revenue Service. (ECF No. 15 at 1).

audited. (Id.) The notice "asked the [p]laintiff to provide documentation pertaining to her Earned Income Credit, dependents, filing status, and the American Opportunity Credit" within 30 days of such notice. (ECF No. 1 at ¶¶ 8–9). On February 8, 2016, the IRS sent a Statutory Notice of Deficiency ("Notice of Deficiency") informing plaintiff of her liability, as well as information about how to dispute that liability, to her last known address, although it was later returned to the IRS as undeliverable. (ECF No. 17 at 2). On or about June 20, 2016, the IRS notified plaintiff that her Earned Income Credit was denied for the 2014 tax year. (ECF No. 1 at ¶ 10). By separate letter, the IRS informed plaintiff that she owed $3,719 due to a "decrease in credit" and $121.89 due to an "increase in interest," for a total liability of $3,840.89. (Id. at ¶ 13). Starting August 5, 2016, plaintiff made periodic payments to the IRS through an installation agreement. (ECF No. 17 at 2). Plaintiff was also credited with payments taken from her 2015 and 2016 federal tax refunds. (ECF No. 1 at ¶ 18). To date, the payments made by plaintiff or on plaintiff's behalf totaled $4,053.13. (Id. at ¶ 19).

While plaintiff eventually paid her full amount due, the University of Baltimore Low-Income Taxpayer Clinic ("Clinic") had previously, on November 21, 2017, sent a request to the IRS' Taxpayer Advocate Service ("TAS") asking for an abatement of plaintiff's remaining liability and argued, in part, that the IRS did not issue a Notice of Deficiency to plaintiff for the 2014 tax year. (ECF No. 17 at 3). Additionally, on June 6 and October 24, 2018, the Clinic sent Freedom of Information Act ("FOIA") requests for plaintiff's administrative file to the IRS "to determine whether a Notice of Deficiency had been issued and what adjustments had been made to her account for tax year 2014." (Id.) The Clinic did not receive a response to either request. (Id. at 3–4). Plaintiff alleges that the only communication that she received from the IRS notifying her of her ability to dispute her liability was a letter sent to her, via the Clinic, in October of 2018 that

2

informed her of her rights to a Collection Due Process hearing in October 2018.[2] (ECF No. 1 at ¶ 22). At the time that she received the letter, however, she had already paid her balance in full, and therefore did not have any further rights to such a hearing. (Id. at ¶ 23).

Plaintiff filed the instant suit against the United States of America and the IRS (collectively, "defendants") on December 10, 2018, alleging that the "additional income taxes and interest were erroneously and illegally assessed and collected and in violation of the right to appeal an IRS decision in an independent forum, as guaranteed by the Taxpayer Bill of Rights." (Id. at ¶ 25 (citing 26 U.S.C. § 7803(a)(3)). Plaintiff's first count asserts a violation of the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 702, 704. (Id. at ¶ 27). Plaintiff claims that the IRS improperly assessed her 2014 federal income tax liability by failing to send a Notice of Deficiency prior to assessing a liability against plaintiff. (Id. at ¶ 29). In the second count of the Complaint, plaintiff alternatively seeks a Writ of Mandamus pursuant to 28 U.S.C. § 1361 to compel the IRS "to abate the assessment issued for the tax year in question, due to the procedural defects in not issuing a Statutory Notice of Deficiency as prescribed in 26 U.S.C. § 6203, and issue a refund in accordance with their established protocol." (Id. at ¶ 50). Plaintiff's third count asserts an additional alternative claim for "refund of all income taxes and interest collected in satisfaction of the erroneously and illegally assessed 2014 federal income tax liability" pursuant to 26 U.S.C. § 7422. (Id. at ¶ 52).

## II. STANDARD OF REVIEW

Defendants argue that this court "lacks subject matter jurisdiction over [plaintiff's suit] because [plaintiff] has not first filed a claim for a refund with the [IRS], as required by 26 U.S.C.

---

[2] Specifically, the notice informed plaintiff that, because she had not yet fully paid her assessment, the IRS may seize her property. (ECF No. 1-4 at 2). The notice stated, however, that she could appeal the proposed seizure by requesting a Collection Due Process hearing. (Id.)

3

§ 7422(a)." (ECF No. 15-1 at 1). Accordingly, defendants move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.[3] (ECF No. 15 at 1). When, as here, "a Rule 12(b)(1) motion challenge is raised to the factual basis for subject matter jurisdiction, the burden of proving subject matter jurisdiction is on the plaintiff." Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991) (citing Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)).

When ruling on a motion to dismiss a complaint lack of jurisdiction pursuant to Rule 12(b)(1), "the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Id. (citing Adams, 697 F.2d at 1219, Trentacosta v. Frontier Pac. Aircraft Indus., 813 F.2d 1553, 1558 (9th Cir. 1987)). "The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." Id. (citing Trentacosta, 813 F.2d at 1559). Accordingly, defendants, as the moving party, "should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id. (citing Trentacosta, 813 F.2d at 1558).

As noted by defendants, while plaintiff brought suit against the United States and the IRS, by seeking a refund of her payment of federal taxes, plaintiff's suit is necessarily one against the United States. (ECF No. 15-1 at 2 (citing 26 U.S.C. § 7422(f)(1) ("A suit or proceeding [for refund of internal revenue tax] may be maintained only against the United States and not against any officer or employee of the United States (or former officer or employee) or his personal

---

[3] Alternatively, defendants move to the complaint under Rule 12(b)(6) for failure to state a claim. (ECF No. 15 at 1). The court need not address this alternate basis for dismissal, however, as the case will be dismissed for lack of subject matter jurisdiction.

representative.")))  "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994) (citing Loeffler v. Frank, 486 U.S. 549, 554 (1988); Fed. Hous. Admin. v. Burr, 309 U.S. 242, 244 (1940)).  Accordingly, to establish subject matter jurisdiction over this case, plaintiff bears the burden of showing that the United States has waived its sovereign immunity.  Robinson v. United States Dep't of Educ., 917 F.3d 799, 802 (4th Cir. 2019) (citing Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995)).  Here, the material jurisdictional facts are not in dispute.  Rather, the parties disagree whether, as a matter of law, under the facts and circumstances of this case, the United States has waived its sovereign immunity.

### III.  DISCUSSION

Plaintiff asserts three claims pursuant to (1) 26 U.S.C. § 7422 (Count III); (2) the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 702, 704 (Count I); and (3) the All Writs Act, 28 U.S.C. § 1651 (Count II).  (ECF No. 1 at 4–8).  Plaintiff argues that the United States has waived its sovereign immunity and that the court therefore has subject matter jurisdiction to hear her claims.  (ECF No. 17 at 5, 11).

#### A.  26 U.S.C. § 7422 (Plaintiff's Count III)

In Count III of her Complaint, plaintiff seeks "a refund of all income taxes and interest collected in satisfaction of the erroneously and illegally assessed 2014 federal income tax liability" pursuant to 26 U.S.C. § 7422.  (ECF No. 1 at 7).  Defendants argue that this case must be dismissed for lack of subject matter jurisdiction because plaintiff failed to submit a claim for refund with the IRS prior to bringing the instant suit.  (ECF No. 15-1 at 2).  While defendants note that the United States has waived its sovereign immunity to tax refund suits "for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected," this waiver of

5

sovereign immunity is subject to certain conditions. (Id. (quoting 26 U.S.C. § 7422(a))). Specifically, 26 U.S.C. § 7422 states that:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a).

Defendants argue that this court lacks jurisdiction to hear this case because plaintiff failed to file a claim for refund prior to bringing suit, as required by 26 U.S.C. § 7422(a). (ECF No. 15-1 at 3). Specifically, defendant argues, the IRS audited plaintiff's 2014 tax return and determined that she owed additional taxes, which plaintiff paid. (Id.) Defendant further states that, after paying these additional taxes, plaintiff never filed a claim for refund of these payments. (Id.) Accordingly, defendant argues, plaintiff has not established that "any waiver of sovereign immunity exists for this suit, and thus fails to demonstrate the [c]ourt's subject matter jurisdiction over this action." (Id. at 7).

In response, plaintiff argues that defendants have waived their sovereign immunity, as she properly filed an administrative claim for refund pursuant to 26 U.S.C. § 7422. (ECF No. 17 at 11). Specifically, plaintiff argues, she filed an original income tax return on Form 1040 claiming a refund on April 15, 2015. (Id. at 12–13). While defendants acknowledge that plaintiff's original 2014 tax return "was indeed a claim for refund," they argue that this tax return "was not an administrative claim for refund of the amounts at issue here." (ECF No. 18 at 6). Rather, defendants argue, plaintiff received the refund she claimed on her 2014 tax return, that is, $3,163, which was issued to plaintiff on June 22, 2015. (Id.) Now, defendants argue, plaintiff does not seek a refund of that amount, but rather, a refund of the $4,053.13 that she paid after her claim was

6

audited. (Id.) Accordingly, defendants argue, plaintiff was required to submit a claim for refund with the IRS for that amount. (Id.)

As noted by defendants, the Fourth Circuit Court of Appeals has explained that 26 U.S.C. § 7422(a) "requires the filing of a timely claim for refund before a district court can obtain jurisdiction over a tax refund action so that the Internal Revenue Service will have the opportunity to consider and dispose of a taxpayer's claim without the expense and time involved in litigating the suit." Beckwith Realty, Inc. v. United States, 896 F.2d 860, 862 (4th Cir. 1990) (citing Mallette Bros. Const. Co. v. United States, 695 F.2d 145 (5th Cir. 1983)). The Court further noted that "the claim for refund must contain sufficient information to allow the Commissioner to address the merits of the dispute." Id. To further this objective, the Court explained, "the Secretary of the Treasury enacted § 301.6402-2(b)(1), which requires a taxpayer to state the specific grounds upon which a refund is claimed and the factual basis pertinent thereto:

> (b) Grounds set forth in claim. (1) No refund or credit will be allowed after the expiration of the statutory period of limitation applicable to the filing of a claim therefor except upon one or more of the grounds set forth in a claim filed before the expiration of such period. The claim must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof . . . . A claim which does not comply with this paragraph will not be considered for any purpose as a claim for refund or credit.

Id. (quoting 26 C.F.R. § 301.6402-2(b)(1)). The purpose of the requirement of "[a] carefully drawn claim for refund" is "to allow[] the Commissioner to correct errors and, if disagreement persists, to limit the litigation to the issues which have been reexamined and which he is prepared to defend." Id. at 862–63 (citing Fearis v. Comm'r of Internal Revenue, 548 F. Supp. 408, 409 (N.D. Tex. 1982)). Accordingly, "the statute is not satisfied by the filing of a paper which gives no notice of the amount or nature of the claim for which the suit is brought, and refers to no facts

upon which it may be founded." Id. at 863 (quoting United States v. Felt & Tarrant Mfg. Co., 283 U.S. 269, 272 (1931)).

Defendants argue that plaintiff's original 1040 tax return for the year 2014 is not a proper claim for refund, as this would mean that, in April 2015, plaintiff "asked the IRS to refund money it had not yet received (and indeed had not yet even demanded from [plaintiff]." (ECF No. 18 at 6). Defendants further state that this argument contradicts "common sense and case law, and thwarts the purpose of requiring a taxpayer to file an administrative claim for refund before bringing suit." (Id.) As noted by defendants, courts have previously held that a tax return is not a claim for refund if it precedes payment of the disputed assessment. (Id. (citing Ackerman v. United States, 643 F. Supp. 2d 140, 146 (D.D.C. 2009) ("[C]ourts have found with regard to section 7422 of the [Internal Revenue Code], governing refund claims generally, that the taxpayer must have paid first.") (citations omitted))). This requirement is consistent with the purpose of the requirement of "[a] carefully drawn claim for refund," which is "to allow[] the Commissioner to correct errors and, if disagreement persists, to limit the litigation to the issues which have been reexamined and which he is prepared to defend." Beckwith Realty, Inc., 896 F.2d at 862–63 (citing Fearis v. Comm'r of Internal Revenue, 548 F. Supp. 408, 409 (N.D. Tex. 1982)).

Plaintiff argues that her original 2014 tax return, filed on a Form 1040 on April 15, 2015, is a proper claim refund because "[i]t is well settled that a properly filed Form 1040 claiming a refund satisfies the 'claim' requirement of Section 7422." (ECF No. 17 at 12 (citing Levitsky v. United States, 27 Fed. Cl. 235, 239–40 (Fed. Cl. 1992); Beckwith Realty, Inc., 896 F.2d at 863)). In Levitsky, the plaintiffs filed a tax return in 1980 and received a refund. 27 Fed. Cl. at 237. Later, however, the IRS audited plaintiffs' tax return and disallowed certain items reported on the tax return. Id. Although the IRS ultimately found that the plaintiffs were nonetheless entitled to

an additional refund, the disallowances remained "unagreed items." Id. The plaintiffs filed an amended income tax return for that year, reflecting the "agreed items," and brought an action for refund of the "unagreed items." Id. The defendant challenged the jurisdiction of the court to hear the case and argued that plaintiffs' claim for refund was defective. Id. at 239. At the outset, the Court of Federal Claims noted that "an original income tax return constitutes the proper form for a claim for refund." Id. at 240 (citing McIlvaine v. United States, 23 Cl. Ct. 439, 442 (Fed. Cl. 1991)). The Court went on, however, to examine "whether the original return acting as a claim for refund states with specificity the grounds for the present tax issues." Id. The Court ultimately found that plaintiffs fulfilled the requirements of filing a claim for refund when the IRS "was adequately apprised of the grounds underlying plaintiffs' claim for refund." Id. at 243.

Unlike in Levitsky, here, the IRS was not placed on notice that plaintiff was challenging the validity of the assessment imposed after the audit or claiming a refund of that assessment. Rather, from defendants' perspective, "[i]n October 2015, the IRS informed [plaintiff] that it was auditing credits claimed on her 2014 tax return and requested information showing she was entitled to those credits." (ECF No. 18 at 8 n.4). When plaintiff failed to respond, "in February 2016, the agency disallowed the credits and sent [plaintiff] a notice of deficiency to inform her she owed more in 2014 taxes." (Id.) Plaintiff again did not respond, and "the agency in June 2016 assessed the additional 2014 taxes against her and demanded payment." (Id.) Finally, "without ever asserting that she was entitled to the credits that had been disallowed, she paid down the amount over the next two years, and then, in November 2018, brought this suit." (Id.) Until plaintiff filed the instant suit, the IRS was not aware that plaintiff sought a refund of the amount assessed in June 2016. Accordingly, plaintiff's original 1040 tax return was not a claim for refund as required by

9

26 U.S.C. § 7422, as it did not adequately apprise the IRS of the grounds underlying the instant suit.

Plaintiff also argues that she was not required to file a claim for refund because did not receive sufficient notification and instruction to submit a claim for refund, as she did not receive a Notice of Deficiency from the IRS. (ECF No. 17 at 15). As noted by defendants, the IRS sent this Notice of Deficiency by certified mail to plaintiff's last known address, pursuant to its notification requirements. (ECF No. 18 at 9 n.6 (citing 26 U.S.C. § 6212 (income tax deficiency notices to be sent by certified or registered mail to taxpayer's last known address))). The notice was returned to sender, however, marked "unclaimed" and "unable to forward." (Id. at 10; ECF No. 17 at 8). Plaintiff's argument is without merit, however, because, as noted by defendants, plaintiff's failure to meet the requirement of filing a claim for refund "stems from her own inaction," as "[t]he IRS is not responsible for [plaintiff's] failure to check or maintain her P.O. Box." (ECF No. 18 at 9–10). As noted by defendants, "[c]ourts cannot overlook jurisdictional defects based on equitable factors." (Id. at 9 (citations omitted)).

In sum, plaintiff's failure to comply with 26 U.S.C. § 7422 by filing a claim for refund deprives this court of subject matter jurisdiction, as the United States only waives its sovereign immunity when all requirements of the statute are met. Accordingly, here, plaintiff has failed to meet her burden of establishing that the United States waived its sovereign jurisdiction pursuant to 26 U.S.C. § 7422, and plaintiff's Count III, a claim for refund pursuant to 26 U.S.C. § 7422, must be dismissed.

### B. Administrative Procedure Act (Plaintiff's Count I)

Plaintiff's Count I asserts a violation of the APA, 5 U.S.C. §§ 702, 704, based on the IRS' "erroneous and illegal assessment of the [p]laintiff's 2014 federal income tax liability." (ECF No.

1 at 4). Plaintiff argues that, "regardless of its jurisdiction under Section 7422, the [c]ourt has jurisdiction to entertain" her APA claim. (ECF No. 17 at 5). While the APA "eliminat[es] the defense of sovereign immunity," Bowen v. Massachusetts, 487 U.S. 879, 891 (1988), relief is only available under the APA when (1) the plaintiff has no adequate alternative remedy; (2) relief under the APA is not statutorily precluded; and (3) the challenged agency action is a final action. 5 U.S.C. § 704. Plaintiff argues that she has satisfied all three requirements and that, accordingly, her "request for the [c]ourt to review [sic] of the IRS's actions under the APA may proceed." (ECF No. 17 at 6).

First, plaintiff argues that, while "[t]he availability of an alternative, adequate remedy precludes relief under the APA . . . [w]hen the relief available under the APA is superior to that under an alternative remedy, that alternative remedy is not adequate, and its existence does not preclude review under the APA." (Id. at 6–7 (citing Bowen v. Massachusetts, 487 U.S. 879, 904–05 (1988); Citizens for Responsibility & Ethics in Wash. v. United States Dep't of Justice, 846 F.3d 1235, 1243-45 (D.C. Cir. 2017))). Plaintiff notes that there are three possible alternative forms of remedy in the tax context: (1) pursuing a claim for refund, see 26 U.S.C. §§ 6511, 7422; (2) seeking 'collection due process' relief, see 26 U.S.C. § 6330; or (3) petitioning the United States Tax Court, see 26 U.S.C. § 6212 et seq. (Id. at 7). Here, however, plaintiff argues that none of these alternatives are adequate. (Id.)

As to the first remedy, pursuing a claim for refund, plaintiff argues that this is an inadequate remedy, as "[s]he cannot achieve full relief through a refund suit because her recovery is potentially limited under the relevant statutes and because she never had an opportunity to review the adjustments the IRS made before filing this action." (Id. at 9 (citing 26 U.S.C. § 6511(b)(2))). Similarly, plaintiff argues, statutory 'collection due process' review is not an adequate remedy, as

11

this relief is only available when a collection action is actually being undertaken. (Id. (citing 26 U.S.C. § 6330)). Here, however, plaintiff has already paid her outstanding liability. (Id.) Finally, plaintiff argues that petitioning the U.S. Tax Court is not an adequate remedy because she never received a Notice of Deficiency and was therefore unaware of her right to do so until after the time to file a petition had lapsed. (Id. at 8).

The Supreme Court has held, however, that the APA "does not provide additional judicial remedies in situations where the Congress has provided special and adequate review procedures." Bowen v. Massachusetts, 487 U.S. 879, 903 (1988) (quoting Attorney General's Manual on the Administrative Procedure Act 101 (1947)). As noted by defendant, courts have found that, "[g]iven the 'special and adequate' review procedure already in place within the Internal Revenue Code . . . the APA does not provide jurisdiction for tax refund claims." (ECF No. 18 at 3). See, e.g., Larson v. United States, 888 F.3d 578, 588 (2d Cir. 2018) (finding that APA review of a tax-refund suit was inappropriate when Congress provided special and adequate review procedures); Cohen v. United States, 650 F.3d 717, 733 (D.C. Cir. 2011) ("In the tax context, the only APA suits subject to review would be those cases pertaining to final agency action unrelated to tax assessment and collection.").

Indeed, plaintiff notes that the Internal Revenue Code provides three such remedies for an individual seeking review of a tax assessment. (ECF No. 17 at 7). While plaintiff argues that these are inadequate for her, they are inadequate simply because plaintiff failed to comply with the scheme established by Congress by timely filing a claim for refund. See Larson, 888 F.3d at 588 (finding that the plaintiff's failure to comply with the Internal Revenue Code's procedure of prepaying assessed penalties and then filing a claim for refund of said penalties did not render the review procedures inadequate or permit the court to employ APA-based jurisdiction); Martinez v.

12

United States, 333 F.3d 1295, 1320 (Fed. Cir. 2003) ("The fact that the complaint was untimely filed in the Court of Federal Claims does not mean that court could not offer a full and adequate remedy; it merely means that Mr. Martinez did not file his complaint in time to take advantage of that remedy."); Mitchell v. United States, 930 F.2d 893, 897 (Fed. Cir. 1991) (declining to speculate whether the plaintiff was eligible for the adequate statutory remedies when the applicable question was whether adequate remedies were offered, not whether the plaintiff would be entitled to receive those remedies). I further note that plaintiff has failed to cite to a single case in which a court has found that the APA confers jurisdiction on a federal court in a tax-refund suit. Accordingly, plaintiff has failed to establish that she is entitled to relief under the APA, so the APA's elimination of the defense of sovereign immunity does not apply in this case. Plaintiff therefore has failed to meet her burden of establishing that the court has jurisdiction to hear this claim, and Count I must be dismissed for lack of subject matter jurisdiction.

### C. All Writs Act (Plaintiff's Count II)

Plaintiff's Count II seeks a Writ of Mandamus ordering the IRS "to abate the assessment issued for the tax year in question, due to the procedural defects in not issuing a Statutory Notice of Deficiency as prescribed in 26 U.S.C. § 6203, and issue a refund in accordance with their established protocol." (ECF No. 1 at 7). As noted by plaintiff, under the All Writs Act, 28 U.S.C. § 1651, "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." (Id. (quoting 28 U.S.C. § 1651)). Further, "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.

In plaintiff's Opposition, however, plaintiff states that she "acknowledges that, under the doctrine of mootness and in light of the notice of deficiency being produced, her claim for mandamus relief, which sought to force the [d]efendant to issue such a notice, is no longer justiciable." (ECF No. 17 at 15). Plaintiff therefore states that she "is forced to concede her claim for mandamus as moot." (Id. at 16). Plaintiff's Count II does not actually include this requested relief, but rather, as previously noted, sought to compel the IRS to issue a refund (ECF No. 1 at 7), so it is not clear whether plaintiff intended to abandon this claim altogether. Even if plaintiff did intend to pursue this claim, however, the All Writs Act does not operate as a waiver of sovereign immunity. Benvenuti v. Dep't of Def., 587 F. Supp. 348, 352 (D.D.C. 1984); McKean v. United States, 563 F. Supp. 2d 182, 184 n.1 (D.D.C. 2008). Further, plaintiff does not cite to any authority for the proposition that the All Writs Act confers jurisdiction on a federal court in a tax-refund suit. Accordingly, plaintiff has not met her burden of establishing that the United States has waived its sovereign immunity under the All Writs Act, and plaintiff's Count II must be dismissed for lack of subject matter jurisdiction.

## IV. **CONCLUSION**

Plaintiff has failed to meet her burden of establishing that the United States has waived its sovereign immunity. Robinson v. United States Dep't of Educ., 917 F.3d 799, 802 (4th Cir. 2019) (citing Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995)). Accordingly, this case is dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). A separate order will issue.

Date: August 15, 2019             /s/
                                                              Beth P. Gesner
                                                              Chief United States Magistrate Judge